Filed 8/28/13  P. v. Ruiz CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ERIK VINCENT RUIZ,<br><br>    Defendant and Appellant. | F064879<br><br>(Super. Ct. No. F11906755)<br><br>**OPINION** |

### THE COURT*

APPEAL from a judgment of the Superior Court of Fresno County.  D. Tyler Tharpe, Judge.

J. Edward Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Cornell, Acting P.J., Kane, J., and Franson, J.

# INTRODUCTION

Appellant, Erik Vincent Ruiz, was charged in a criminal complaint filed on November 29, 2011, with felony first degree burglary (Pen. Code, §§ 459 & 460, subd. (a), count 1)[1] and one count of making a criminal threat, a felony (§ 422, count 2). The complaint further alleged a prior prison term enhancement (§ 667.5, subd. (b)).

In early January 2012, appellant was evaluated by a psychologist pursuant to section 1368 and found competent to stand trial. On January 24, 2012, appellant entered into a plea agreement. Appellant initialed and executed a felony advisement, waiver of rights, and plea form. Under the terms of the plea agreement, appellant would admit count 1 in exchange for the dismissal of the other allegations and a stipulated sentence of four years. Appellant acknowledged the consequences of his plea and waived his constitutional rights pursuant to *Boykin v. Alabama* (1969) 395 U.S. 238 and *In re Tahl* (1969) 1 Cal.3d 122 (*Boykin/Tahl*).

At the change of plea hearing, appellant's counsel reviewed the terms of the plea agreement with the trial court. The court advised appellant of, and appellant waived, his constitutional rights pursuant to *Boykin/Tahl*. The court advised appellant of the consequences of his plea, including that the maximum punishment he faced was six years in prison. The parties stipulated to a factual basis for the plea. Appellant pled guilty to count 1. The remaining allegations were dismissed.

On February 24, 2012, the court had conveyed to the parties that it was not accepting the stipulated sentence of four years. The court granted defense counsel's motion for a continuance for appellant to review his options. On March 9, 2012, defense counsel represented that appellant was given the options of entering a guilty plea on

---

[1] All statutory references are to the Penal Code.

count 2, and being sentenced to prison for four years eight months, or to keep the current plea intact and receive a sentence of six years.

Consistent with the revised agreement, the trial court sentenced appellant to prison for six years. Appellant was granted actual custody credits of 106 days and conduct credits of 106 days for total custody credits of 212 days. He was also ordered to pay various fees and fines. The trial court did grant appellant a certificate of probable cause. Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

### FACTS

On November 25, 2011, Brian S. saw someone with a backpack jump over the fence to a gated community, enter a waiting car, and speed away. Brian S. also saw a second person, later identified as appellant, look over the wall from the same residence and then return into the yard. Shortly thereafter, Brian S. called the police when he saw appellant walking down the street with a purse and a handbag. The police contacted appellant and found that the items appellant was carrying had been stolen from the residence in the gated community. Brian S. identified appellant to the police. Shoeprints matching those of appellant were found in the yard and the residence that was burglarized. Appellant later accused Brian S. of being a snitch and threatened to kill Brian S. and his family.

### APPELLATE COURT REVIEW

Appellant's appointed appellate counsel has filed an opening brief that summarizes the pertinent facts, raises no issues, and requests this court to review the record independently. (*Wende*, *supra*, 25 Cal.3d 436.) The opening brief also includes the declaration of appellate counsel indicating that appellant was advised he could file his own brief with this court. By letter on September 13, 2012, we invited appellant to submit additional briefing. To date, he has not done so.

3

After independent review of the record, we have concluded there are no reasonably arguable legal or factual issues.

## DISPOSITION

The judgment is affirmed.